[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION IN RE: MOTION #160 PLAINTIFF'S MOTION FOR ATTORNEY'SFEES
Due to the extensive delays relative to motions #160 and 161, I believe an articulation is in order.
On the family short calendar for January 30, 1995 a hearing was commenced before me on the above entitled motion, (#160) at which time, the defendant also moved for counsel fees, (#161). Both blamed the other of breaching the separation agreement. Because the matter could not be concluded that day, the parties agreed to file a stipulation of facts within thirty days and I agreed that I would attempt to rule upon both motions. The matter was continued to March 6, 1995 for compliance. Apparently, there was no compliance by that date and on or about April 28, 1995, I asked the clerk to inquiry as to the state of the motions. Not CT Page 9276 having received the required stipulation of the relevant facts necessary to decide the motions, on May 12, 1995, I marked the motions off and requested the clerk to notify the attorneys. The file shows that a JDNO was sent on May, 12, 1995. I believed that the motions were no longer before the court and I took no further action. When my court's assignment to the family short calendar expired in December, 1995 believed that there were no outstanding motions from the family short calendar remaining for me to rule on, except for the "stipulation" of December 14, 1995 in which the parties agreed to file affidavits by January 16, 1996 and (4) "the parties will conduct oral argument in front of Judge Ryan and supply him with proposed orders on January 23, 1996." My notes indicate the matter was marked off but the note by the clerk on the stipulation indicates it was approved.
On May 15, 1996, approximately one year after the matter was originally marked off, I received a letter from attorney Pickel indicating that the matter was still pending before the court. I asked the clerk to inform him that I was not sitting on family matters and that I did not consider the matter to be before me. Once again, on September 27, 1996, attorney Pickel by letter, asked me to consider the matter, and I once again informed the clerk to advise the attorneys that I had not retained jurisdiction. On November 4, 1996, by letter from attorney Pickel I was advised that Judge Harrigan on September 3, 1996 had referred this matter back to me.
Based upon the fact that nearly two years have gone by since my original hearing, the fact that no stipulation of facts were filed as required, that my assignment to family short calendars ended in late December, 1995 and since the stipulation of December 14, 1995 was also not complied with (no hearing on January 23, 1996, nor was any proposed order ever received) I am of the present opinion that it would not be proper for me at this time to rule upon the motions. I am presently sitting full time as a civil judge and I also sit on the law side calendar. Therefore, I believe at this late date it would be in the best interest of the court in general and for the parties and myself that I recuse myself, sua sponte.
RYAN, J.